The court below put, as we think, the proper construction upon the transaction between Smyth and the defendant. It passed the ownership of the slave to the defendant for the reasons very clearly given by the court, and we deem it unnecessary to add more.
Looking into the record, we find the indictment has not employed all the phrases used in the statute for the description of the offense. The statute provides that "no slave shall go at large, as a freeman, exercising his own discretion in the employment of his time; nor shall any slave keep house to him or herself as a free person, exercising like discretion in the employment of his or her time; and in case the owner of the slave consent to the same, or connive thereat, he shall be deemed guilty of a misdemeanor."
The indictment charges that defendant, being the owner of the slave, "did permit her to keep house to herself as a free person," omitting the words, "exercising her discretion in the employment of her time."
We do not perceive that the words omitted would give any other signification to the words used than they express standing alone. To keephouse to oneself as a free person involves with sufficient precision and certainty the exercise of one's discretion in the employment of his time, and no additional words would seem to be necessary to convey that idea; although it is best, and we therefore recommend the use of the terms andall the terms deemed proper by the Legislature for defining the offense; yet it is not necessary, provided the sense be perfectly preserved without.
For like reasons we are of opinion that the substitution of the (243) word "permit" for the word "consent" does not vitiate the indictment.
No error.
Cited: S. v. Brown, post, 449. *Page 149